UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALI MAHBOD** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13–5546** |
| **EDWARD JONES** | **SECTION: "H"(4)** |

### ORDER AND REASONS

Before the Court is a Motion to Dismiss (Doc. 10).  For the following reasons, the Motion is GRANTED IN PART.  Plaintiff's state-law retaliation claim and his Title VII pattern-and-practice claim are DISMISSED WITH PREJUDICE.

### BACKGROUND

Defendant, Edward Jones, currently employs Plaintiff, Ali Mahbod, as a financial advisor. Mr. Mahbod is of Iranian descent and an adherent of the Muslim faith.  He claims Defendant discriminated against him based on his religious beliefs and national origin.  Shortly after he

1

obtained his license to sell securities, Plaintiff was placed in an Edward Jones office in New Orleans. Plaintiff alleges that this particular office was seen as a less preferable assignment because of its location in a relatively less affluent area of New Orleans. Since his placement in the office, Plaintiff has requested to be transferred to various vacancies in the New Orleans area on at least three occasions. He claims that each of his requests was denied and that each vacancy was filled with a financial advisor who was white and Christian. Plaintiff alleges that his transfer requests were denied because of his religious beliefs and national origin.

Accordingly, he filed a charge of discrimination with the Equal Opportunity Employment Commission ("EEOC"). On June 3, 2013, the EEOC issued a "right-to-sue letter" and Plaintiff filed suit shortly thereafter. In his Complaint, Plaintiff alleges the same religious and national origin discrimination as in his EEOC charge and adds a claim for retaliation. Specifically, Mr. Mahbod claims that, following the filing of the EEOC charge, his supervisor subjected Plaintiff to unusual scrutiny. In particular, Plaintiff alleges that his supervisor began to retroactively review trades that Plaintiff had competed months prior to the filing of the EEOC charge.

Defendant subsequently filed the instant Motion arguing that (1) this Court lacks jurisdiction over Plaintiff's retaliation claim because he failed to include it in his EEOC charge; (2) Plaintiff fails to state a claim for retaliation under Title VII; (3) Plaintiff's state law retaliation claim should be dismissed because Louisiana does not recognize such a claim; and (4) Plaintiff has failed to state a claim for pattern-and-practice discrimination.

2

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009).  The Court need not, however, accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S. Ct. at 1949–50.

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.  *Id*.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Iqbal*, 129 S. Ct. at 678 (quoting *Twombly*, 550 S. Ct. at 1955).  Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.  *Lormand*, 565 F.3d at 255–57.  The Court's review "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

**LAW AND ANALYSIS**

Defendant asserts four arguments in its Motion. Each is addressed in turn.

**I. Plaintiff has exhausted his administrative remedies**.

Defendant first argues this Court lacks jurisdiction over Plaintiff's retaliation claim because he failed to include it in a charge presented to the EEOC. Plaintiff admits he never presented his retaliation claim to the EEOC but argues that Title VII plaintiffs are not required to submit a new EEOC charge alleging retaliation if the alleged retaliation arises out of the original EEOC charge. The court agrees.

"Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). A plaintiff meets this requirement if he (1) files a timely charge with the EEOC, and (2) receives a right to sue letter. *Id.* However, the Fifth Circuit has established an exception to this general rule. This exception allows a plaintiff to pursue a retaliation claim which was not presented to the EEOC if the acts underlying the retaliation claim came after, and in response to, the first EEOC charge. *Gupta v. E. Texas State Univ.*, 654 F.2d 411, 414 (5th Cir. 1981).[1] Plaintiff's Complaint

---

[1] The continued applicability of the *Gupta* rule has been questioned recently. *See Simmons-Myers v. Caesars Entm't Corp.*, 515 F. App'x 269, 273 (5th Cir. 2013). At least one other circuit with a *Gupta*-like rule has held that the rule was abrogated by the Supreme Court in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). *Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir.2003). However, several other circuits have held that *Gupta*-like rules survived the *Morgan* decision. *See, e.g., Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 303 (4th Cir. 2009); *Wedow v. City of*

alleges that the retaliatory scrutiny occurred after his EEOC charge was filed and that the scrutiny was in direct retaliation for the charge. Therefore, under the rule of *Gupta*, Plaintiff was not required to submit his retaliation claim to the EEOC, and this Court may entertain the claim.

### II. Plaintiff states a claim for retaliation under Title VII.

Defendant next argues that Plaintiff fails to state a claim for retaliation under Title VII. In order to state a claim for retaliation, Plaintiff must allege that: "(1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action." *McCoy v. City of Shreveport,* 492 F.3d 551, 557 (5th Cir. 2007). Defendant concedes that Plaintiff participated in an activity protected by Title VII but argues that Plaintiff has not adequately pleaded the remaining two elements. Plaintiff's retaliation claim rests on a single allegation:

> Since filing his complaint with the EEOC, Mr. Mahbod has been subjected to retaliation in the form of unusual scrutiny and oversight of his office, including Mr. Hatrel and the home office scrutinizing specific trades and transactions many months after the transactions had been completed.

Plaintiff clearly alleges that his employer took adverse employment action against him by subjecting his trades to increased scrutiny despite the fact that the trades were months old.

---

*Kan. City, Mo.*, 442 F.3d 661, 672–76 (8th Cir. 2006). The Fifth Circuit has declined to address the continued viability of *Gupta* post-*Morgan*. *Simmons-Myers*, 515 F. App'x at 273 n. 1. Therefore, *Gupta* remains the law in this circuit.

Additionally, Plaintiff specifically alleges that action was taken because of his EEOC filing. Accordingly, Plaintiff has stated a claim for retaliation under Title VII.

### III. Plaintiff's state law retaliation claim is dismissed.

Plaintiff concedes that there is no cause of action for retaliation under Louisiana state law and requests that the Court dismiss his state law claim for retaliation. The Court agrees and the state-law retaliation claim is DISMISSED WITH PREJUDICE.

### IV. Plaintiff's pattern and practice claim is dismissed.

Finally, Defendant argues that Plaintiff has not stated a claim for pattern-and-practice discrimination under Title VII. In response, Plaintiff asserts that pattern-and-ractice discrimination is not a separate claim but rather an alternative method of proof available to Title VII plaintiffs. The Court agrees. However the Fifth Circuit has held that the pattern and practice method of proof is not available to plaintiffs in private, non-class action suits. *Frank v. Xerox Corp.*, 347 F.3d 130, 136 (5th Cir. 2003) *citing Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 355–56 (5th Cir. 2001). Accordingly, Plaintiff's pattern and practice claim is DISMISSED WITH PREJUDICE.

**CONCLUSION**

6

For the foregoing reasons, Defendant's Motion is GRANTED IN PART.  Plaintiff's state-law retaliation claim and his pattern-and-practice claim are DISMISSED WITH PREJUDICE. The Motion is DENIED in all other respects.

New Orleans, Louisiana, this 19th day of May, 2014.

                                             _____
                                             JANE TRICHE MILAZZO
                                             UNITED STATES DISTRICT JUDGE